```
                                                          CLOSED
                       U.S. District Court
       Southern District of New York - Civil Database (Foley Square)

              CIVIL DOCKET FOR CASE #: 01-CV-4217

Zorilla v. I.N.S.                                    Filed: 05/18/01
Assigned to: Chief Judge Michael B. Mukasey
Demand: $0,000                               Nature of Suit: 530
Lead Docket: None                            Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)


DANIEL ORLANDO ZORILLA              Daniel Orlando Zorilla
      petitioner                    [COR LD NTC] [PRO SE]
                                    3400 Concord Road
                                    York, PA 17402

   v.

IMMIGRATION & NATURALIZATION        1:CV-01-0951
SERVICE
      respondent
```

MAY 2 2001

Docket as of May 24, 2001 9:41 am                         Page 1

```
Proceedings include all events.
1:01cv4217 Zorilla v. I.N.S.                                    CLOSED
DANIEL ORLANDO ZORILLA

         petitioner

   v.

IMMIGRATION & NATURALIZATION SERVICE

         respondent
```

Proceedings include all events.
1:01cv4217 Zorilla v. I.N.S.                                              CLOSED

| Date | Doc | Entry |
|---|---|---|
| 5/18/01 | 1 | PETITION for writ of habeas corpus pursuant to 28 USC 2241. (jco) [Entry date 05/24/01] |
| 5/18/01 | -- | Magistrate Judge Kevin N. Fox is so designated. (jco) [Entry date 05/24/01] |
| 5/18/01 | 2 | ORDER, Accordingly, in the interest of justice, the Clerk of this Court shall transfer this case to the United States District Court for the Middles District of Pennsylvania., Furthermore, it is ordered that petitioner's removal is herby stayed until further order by the United States District Court for the Middle District of Pennsylvania., The Clerk of Court is directed to serve a copy of the order and the underlying petition on the United States Attorney for the Middle District of Pennsylvania who is further ordered to inform the INS forthwith of the stay of removal. For good cause shown, the Government may move to vacate this stay. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived. SO ORDERED: ( signed by Chief Judge Michael B. Mukasey ); Copies mailed. (jco) [Entry date 05/24/01] |
| 5/18/01 | -- | Interdistrict transfer to the District of Pennsylvania. Sent original file along with a certified copy of the sheet and transfer order via Federal Express AIRBILL # 8267 4042 1714 on 5/24/01. (jco) [Entry date 05/24/01] |

A TRUE COPY
JAMES M. PARKISON, Clerk
By _Julie Currea_
Deputy Clerk

DOC # 2

JUDGE MUKASEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

01 CV 4217

---------------------------------------X

DANIEL ORLANDO ZORILLA,

        Petitioner,

    -against-                           TRANSFER ORDER

IMMIGRATION AND NATURALIZATION
SERVICE,

        Respondent.

---------------------------------------X

       Petitioner, presently detained at York County Prison in Pennsylvania by the Immigration and Naturalization Service ("INS"), brings this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal. For the following reason, this petition is hereby transferred to the United States District Court for the Middle District of Pennsylvania.

       It is well settled that in order to entertain a habeas corpus petition under 28 U.S.C. § 2241 a court must have jurisdiction over the custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) (a writ of habeas corpus is directed to the custodian of a detainee); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Carvajales-Cepeda v. Meissner, 966 F.Supp. 207, 208 (S.D.N.Y. 1997); Michael v. INS, 870 F.Supp. 44 (S.D.N.Y. 1994). Here, petitioner is presently detained by the INS at York County Prison in Pennsylvania. As such, petitioner's custodian is the INS district director for Pennsylvania. See Carvajales-Cepeda, 966 F.Supp. at 208. Habeas venue, therefore, lies in the Middle District of Pennsylvania. 28 U.S.C. §§ 118(b), 1406(a).

1

Conclusion

Accordingly, in the interest of justice, the Clerk of this Court shall transfer this case to the United States District Court for the Middle District of Pennsylvania. Furthermore, it is ordered that petitioner's removal is hereby stayed until further order by the United States District Court for the Middle District of Pennsylvania. The Clerk of Court is directed to serve a copy of the order and the underlying petition on the United States Attorney for the Middle District of Pennsylvania who is further ordered to inform the INS forthwith of the stay of removal. For good cause shown, the Government may move to vacate this stay. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived.

SO ORDERED:

MICHAEL B. MUKASEY
Chief Judge

MAY 1 8 2001
Dated: New York, New York

**Copies Sent to:**

**Daniel Orlando Zorilla**
York County Prison
A#14-339-004
YCP#53967
3400 Concord Road
York, PA 17402

**David M. Barasch**
United States Attorney
Middle District of Pennsylvania
228 Walnut Street, Ste. 217
Federal Building
Harrisburg, PA 17108-1754

A TRUE COPY
JAMES M. PARKISON, Clerk
BY _____
Deputy Clerk

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE MUKASEY

DOC # 1

01 CV 4217

DANIEL ORLANDO ZORILLA
    Petitioner

v.

IMMIGRATION & NATURALIZATION SERVICE
    Respondent

Habeas Corpus Petition

A# 14 339 004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR REVIEW

Petitioner, Daniel Zorilla, pro-se, alleges the following:

1. This is a petition for Habeas Corpus and an action for Declaration and Injunctive relief for a petition for review of the Board of Immigration Appeals (BIA) issue of a final order of removal, that he is removable by reason of having been convicted of particular crimes and is ineligible to apply for discretionary relief from deportation. The action arises under the Constitution and Immigration and Nationality Act of 1952 and amended herein, the "Act" 8 u.s.c. section 1101, subject matter jurisdiction is based upon 28 U.S.C. 2241 and 28 U.S.C. 1331.

2. Petitioner Daniel Zorilla has been a lawful permanent resident of the United States since June 25, 1965. Mr. Zorilla is being detained by the Immigration & Naturalization Service (herein INS) at the York County Prison.

3. Mr. Zorilla was born in Argentina on June 6, 1957 and entered the United States in or about June 25, 1965 at the tender age of nine as a lawful permanent resident.

4. Mr. Zorilla's family resides in New York city. His mother and sisters have resided at the same address for the past thirty nine years.

5.      In December 1991, Mr. Zorilla was convicted of Attempted sale of a controlled substance. He was sentenced to a term of imprisonment of nine months.

6.      Mr. Zorilla was issued a Notice to Appear on April 20, 1999 and was given a final order of removal from the BIA on March 19, 2001.

7.      The BIA has taken the position that Mr. Zorilla is ineligible for discretionary relief although his relevant criminal conviction, criminal proceeding and underlying criminal conduct occurred prior to the enactment of IIRIRA and has ordered his removal under the rules of the Immigration & Nationality Responsibility Act of 1996, Pub. L. 104-208, 110 stat. 3009 (1996).

## COUNT ONE

8.      Paragraph 1 through 8 are repeated and realleged as though set forth herein.

9. The retroactive application of the provisions of IIRIRA by the BIA is unconstitutional because it violates Mr. Zorilla's substantive & procedural rights under the due process clause of the fifth Amendment of the Constitution.

        Wherefore, the plaintiff Daniel Zorilla demands judgement.

1.      Declaring the retroactivity of the permanent rules of the IIRIRA contrary to the Constitution.

2.      Ordering the BIA to remand Mr. Zorilla proceedings back to the Immigration Judge to consider his application for discretinary relief Under Section INA 212(c).

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

DANIEL ORLANDO ZORILLA,
    Petitioner.

-vs-                          Alien No. A# 14-339-004

IMMIGRATION & NATURALIZATION
SERVICE,
    Respondent.

++++++++++++++++++++++++++++++++

PETITIONER'S MEMORANDUM OF LAW IN
SUPPORT OF HABEAS CORPUS PETITION/COMPLAINT

STATEMENT OF FACTS

    Mr. Zorilla, 43 tears old, is a citizen of Argentina, who was born in the city of Buenas Aires on June 3,1957. He entered the United STates on or about June 25, 1965 at the age of 8 as a lawful permanent resident. His entire family are United States citizens or lawful permanent residents.

    On October 28th 1991, Mr. Zorilla was convicted of attempted criminal sale of a controlled substance in the third degree. He was sentenced to a term of imprisonment of imprisonment of nine months. On March 22, 1999 Mr. Zorilla was issued an Order to show cause and has been detained at the York county prison since that time.

    On March 19, 2001, the Board of Immigration Appeals(BIA)

for discretionaryrelief or waiver of deportation under former INA 212(c) codifiedat 8 U.S.C. 1182(c0 as his convictions are for crimes that qualifies as an "aggravated felony" under the new per manent rules of IIRIRA effective April 1st, 1997. Pub L No 104-208, 110 Stat 3009-546 (1996). Mr.Zorrila is ordreed removed for convivtions before IIRIRA became effective.

## QUESTIONS PRESENTED

Wheter the BOard of Immigration Appeals (BIA) violated the substantive and procedural due process rights of the petitioner by applying the IllegalImmigration Reform and Immigrant Responsibility Act of 1996, (IIRIRA) expanding the category of criminal convictions to the petitioner rendering him ineligible for discretionary relief from removal?

## JURISDICTION

### Subject Matter

This court has jurisdiction overthis writ ofhabeas corpus pursuantto 28 U.S.C. Sect. 2241. See Jean Baptiste v. Reno, 144 F 3d 212, 220 (2nd Cir. 1999) Reh'd denied, 175 F3d 226, (2nd Cir.1999); Henderson, 157 F3d at 122 ( habeas jurisdiction exists over statutory claims "affecting the substantial rights of aliens... in the face of statutes seeking to limit jurisdiction to the fullest extent constit utionally possible".

• Section 242 (g) of the INA, 8 U.S.C. Section 1252(g), states: " Except as provided in this section and not withstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim or  on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Sand oval courts held that, despite the broad jurisdiction stripping language of 8 U.S.C. 1252 (g), habeas corpus review under 8 U.S.C. Sect. 2241 survived for claims by aliens who have been ordered removed based on the commission of certain crimes.

The circuit court in Sandoval v. Reno, 190 F2d 175 (3rd Cir. 1999), applying the doctrines of Felker v. Turpin,518 U.S. 651 (1996) and Ex Parte Yerger, 8 Wall 85, 75 U.S. 85(1868), held that the district court retained jurisdiction under 28 U.S.C. 2241 because their was no clear

could not be repealled by implication.

The Fourth, Fifth, Sixth, Eight, Tenth & Eleventh circuits have also found that that Section 2241 habeas jurisdiction continues to exist outside of 242(g). See Selgeka v. Carroll, 184 F3d 337(4th Cir. 1999); Requena-Rodriguez v. Pasquarell,190 F3d 299 (5th Cir. 1999); Mustafa v. u.s. Dep't of Justice 179 F3d 299 (5th Cir. 1999); Shah v. Reno,184 F3d 719 (8th Cir. 1999); Jurado-Gutierrez v. Greene,---F3d-- No. 97-1437, WL 637038(10th Cir. Aug 19, 1999); Mayers v. U.S. Dep't of INS, 175 F3d 1289 (11th Cir. 1999).

The First and Second circuits made prior determinations that Section 2241 survives. See Henderson v. INS , 157 F3d 106 (2d Cir. 1998 cert. denied---U.S. ---, 119 S.Ct 1141, 143 F3 L.ed 2d 209 (1999); Goncalves v. INS,144 F3d 110 (1st Cir. 1998), cert. denied ---U.S.---, 119 S.Ct 1140, 143 L.Ed 2d 208 (1999). But cf. LaGuerre v. Reno 164 F3d 1035 (7th Cir. 1998).

The court in Calcano-Martinez v. Reno, 98-4033, 98-4214, 98-4246 held that the permanent rules of IIRIRA do not divest Article 111 courts of their habeas jurisdictional challenges to find removal orders when no other avenue for judical review is available. See Pottinger v. Reno, 51 F.Supp. 2d 349 (E.D.N.Y.) decided September 1, 2000.

All of the requirements of section 2241 have been met in that the applicant is detained under the custody of the Immigration & Naturalization Service and has exhausted all other avenues for judicial review.

## PRESONAL AND VENUE

B. The appropriate form in a Habeas Corpus proceeding depends upon (1) the Court's personal jurisdiction over the custodian and (2) traditional venue considerations. See:Mojica,970 F.Supp. at 165. Venue is proper in the Eastern District of New York.

The INS initiated removal proceedings in New York, took Mr. Zorrilla into custody and transferred him to the York County Prison in Pennsylvania away from his family and lawyer. Mr. Zorrilla conviction in New York,his incarceration were in New York,his removal proceedings began in New York; this court has jurisdiction over the proceedings of this Habeas petition. See Pottinger v. Reno, 51 F.Supp. 2d 349 (E.D.N.Y.) decided September 1, 20001.

## HISTORY OF DISCRETIONARY RELIEF

Under the law in effect prior to the enactment of the AEDPA, certain aliens otherwise determined to be deportable were entitled to apply to the Attorney General or her delegates for a waiver of deportation under INA 212(c), 8 U.S.C. 1182(c)(1994). Former 212(c) provided.

Aliens lawfully admitted for permanent residence who temporarily proceeded aboard voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to (provisions setting forth various grounds for exclusion)..... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five (5) years. 8 U.S.C. 1182(c)(1994)(repealed by IIRIRA 304(b), 110 Stat. at 3009-597, Sept. 30, 1996).

Since 1976, the section has been interpreted by this court to permit the Attorney General to waive the grounds of deportation under certain conditions in the case of a lawfully admitted permanent resident(-- in deportation proceedings. See <u>Buitrago-Cuesta v. INS</u>, 7 F3d 291, 292 (2 Cir. 1993); <u>Francis v. INS</u>, 532 F.2d 268, 272-73 (2d Cir. 1976).

The permanent provisions of IIRIRA, however, repeal INA 212(c) altogether and consolidate prior "suspension of deportation" relief and aspects of former 212(c) relief into an entirely new form of relief. See 8 U.S.C. 1229(a)(3)(1999). Section 304(a) of the IIRIRA, entitled "Cancellation of Removal for certain permanent residents," found at INA 240A, provides:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--
> 
> (1) has been an alien lawfully admitted for permanent residence for not less than five (5) years,
> 
> (2) has resided in the United States continuously for seven (7) years after having been admitted in any status, and
> 
> (3) has not been convicted of any aggravated felony.

8 U.S.C. 1229b(a)(1999). Cancellation of Removal is thus limited

for pre-AEDPA 212(c) relief because it is unavailable to all aliens convicted of aggravated felonies and not just to those imprisoned for more than five (5) years. Compare 8 U.S.C. 1182(c) (1994) with 8 U.S.C. 1129b (1999). Cancellation of Removal, however, is categorically available to a larger numbers of aliens than those eligible under AEDPA 440(d) because it restores the availability of discretionary relief for aliens deportable because they committed two or more crimes of moral turpitude under INA 237(a)(2)(A)(ii). Compare 8 U.S.C. 1182(c) as amended by AEDPA 440(d) with 8 U.S.C. 1229b (1999).

The statutory history applies to Mr. Zorrilla as follows: When Mr. Zorilla pled guilty to the attempted drug sale in October of 1991, he was convicted of a drug-related offense which constituted an aggravated felony as defined under the INA. See 8 U.S.C. 1251(a)(2)(A)(iii)(1994); 8 U.S.C.1101(a)(43). At the time he pled guilty to the deportable offense, he was eligible to apply for a waiver of deportation under 212(c) waiver. At the time removal proceedings were commenced against Mr. Zorrilla on March of 1999, INA 212(c) relief had been repealed by IIRIRA 304(b) and replaced by "Cancellation of Removal" in 304(a). Mr. Zorrilla was ineligible to apply for "Cancellation from Removal" by its terms, because he was convicted of an aggravated felony. See 8 U.S.C. 1101(a)(43). Thus, if either AEDPA 440(d) or IIRIRA 304 apply to this case, as done by the immigration judge and affirmed by the BIA, MR.Zorilla is removable because he pled guilty to a deportable offense and is statutority ineligible for discretionary relief from deportation.

At the time Mr. Zorrilla committed his crime, it was a deportable offense. Nonetheless, he could depend on the availability of a 212(c) hearing. The genuine retroactive effect of the elimination of this crucialavenue of relief is apparent. <u>Concalves v. Reno</u>, 144 F.3d. at 128 (retroactive application of AEDPA section 440(d) "takes away a form of relief that, while discretionary, is plainly substantive,and so implies <u>Landgraf's 511 US. at 270</u>,presumption against retroactivety"). Henderson 157 F.3d at 129 (2d. Cir. 1998). (Court noted dictum its inclination to find section 440(d) genuinely retroactive).

5

## CONCLUSION

Mr. Zorrilla is entitled to a section 212(c) hearing or its functional equivalent as his criminal conduct and convictions occurred prior to the enactment of 440(d) of the AEDPA and IIRIRA 304. The BIA misapplied the immigration laws in Mr. Zorrilla's case.

Wherefore, Petitioner prays this honorable Court grants this Writ of Habeas Corpus, declaring the retroactivity of the permanent rules of the IIRIRA contrary to the constitution, ordering the BIA to remand Mr. Zorrilla's proceedings back to the Immigration Judge to consider his application for discretionary relief under 212(c).

Dated: 4th day of April, 2001.

*Daniel Zorrilla*
Daniel Zorrilla
A14 339 004
3400 Concord Rd.
Yodk, PA. 17402